UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HASSAN MOSBY, | Civil Action No. 22-6237 (SDW) |
| Petitioner, | |
| v. | OPINION |
| THE UNITED STATES OF AMERICA, | |
| Respondent. | |

**WIGENTON**, DISTRICT JUDGE

This matter comes before this Court upon Petitioner Hassan Mosby's ("Petitioner") motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 ("the motion") (ECF No. 1), In re Criminal Case File 20-cr-510-SDW-1. Pursuant to Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts, this Court must dismiss the motion if it "plainly appears from the motion, any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief . . ." For the reasons discussed below, this Court will dismiss Ground One of the motion for lack of jurisdiction, without prejudice to Petitioner bringing his claim under 28 U.S.C. § 2241 in his district of confinement,[1] and the Court will direct Respondent to file an answer or otherwise respond to Ground Two of the motion.

**I. BACKGROUND**

On November 15, 2021, this Court entered judgment against Petitioner, upon his guilty plea on May 25, 2021, to Count 1 of the Indictment, possession of a firearm by a convicted felon,

---

[1] Petitioner is presently incarcerated in the Federal Correctional Institution in Minersville, Pennsylvania. (ECF No. 1).

1

in violation of 18 U.S.C. § 922(g)(1). *United States v. Mosby*, 20-cr-510-SDW-1 (D.N.J.) (ECF No. 42). This Court imposed an 84-month term of imprisonment. (*Id.* at 2). Petitioner did not file a direct appeal. He filed the present motion to vacate, set aside or correction sentence under 28 U.S.C. § 2255 on October 24, 2022.

## II.  THE MOTION

Petitioner presents two grounds for relief in his motion. In his first ground for relief, he contends that his federal and state sentences should run concurrently, and he seeks prior custody credit against his federal sentence for time served on his state sentence from December 16, 2019 through November 15, 2021. (ECF No. 1 at 5). For his second ground for relief, Petitioner alleges his counsel was ineffective by failing to raise, on direct appeal, a challenge to his sentence enhancement under U.S.S.G. §§ 2A2.2(b)(2)(A) and 2A2.2(b)(3)(B).

## III.  JURISDICTION

Motions under 28 U.S.C. § 2255 are the presumptive means for collateral review of federal convictions and sentences. *Bruce v. Warden Lewisburg, USP*, 868 F.3d 170, 178 (3d Cir. 2017). Therefore, Petitioner's second ground for relief, based on ineffective assistance of counsel at sentencing and on direct appeal, is properly brought under § 2255. Petitioner's first ground for relief, however, is a challenge to the calculation of his sentence, rather than to the validity of the sentence itself. Such claims must be raised under the general habeas statute, 28 U.S.C. § 2241, in the district of confinement. *See e.g.*, *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990); *see also United States v. Wilson*, 503 U.S. 329, 333 (1992) (district courts cannot apply prior custody credit pursuant to 18 U.S.C. § 3585(b) at sentencing). Therefore, this Court will dismiss Ground One of the § 2255 motion for lack of jurisdiction and will direct Respondent to file an answer to Ground Two of the § 2255 motion.

## IV. CONCLUSION

For the reasons discussed above, this Court lacks jurisdiction over Ground One of the § 2255 motion, and Ground Two of the motion may proceed.

An appropriate Order follows.

Dated: November 3, 2022

_____
Hon. Susan D. Wigenton,
United States District Judge